IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAY 07 2012

CHRIS R. JOHNSON, Clerk
By _____ Deputy Clerk

TODD TUCKER, )
)
    Plaintiff, )
)
v. ) 12-6059
)
MIG CAPITAL MANAGEMENT, INC., )
)
    Defendant. )

## COMPLAINT

NOW COMES the Plaintiff, TODD TUCKER, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, MIG CAPITAL MANAGEMENT, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. TODD TUCKER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Hot Springs, County of Garland, State of Arkansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly incurred by Plaintiff for his personal use and/or for his household expenditure.

1

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. MIG CAPITAL MANAGEMENT, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is incorporated in the State of Florida.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.  ALLEGATIONS

13. In or around February 2012, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff in an attempt to collect a debt he allegedly owed.

14. During the course of the aforesaid time period, Plaintiff engaged in a telephone conversation with Defendant wherein Defendant stated Plaintiff owed the debt on which it was attempting to collect.

15. Plaintiff informed Defendant that he was not able to pay the debt on which Defendant was attempting to collect at that time.

16. Defendant then responded by informing Plaintiff it would be filing proceedings against Plaintiff.

17. Defendant further stated to Plaintiff that it would "see [Plaintiff] in court."

18. Defendant's representations to Plaintiff, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay the debt on which it was attempting to collect then Defendant would file a lawsuit against Plaintiff.

19. Defendant has not filed a lawsuit against Plaintiff for the debt he allegedly owes.

20. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt he allegedly owes.

21. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

22. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

23. In or around February 2012, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff in a single day in an attempt to collect a debt Plaintiff allegedly owed.

24. On or about February 3, 2012, Defendant initiated three (3) telephone calls to Plaintiff in a single day in an attempt to collect a debt Plaintiff allegedly owed.

25. The repetitive calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

26. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

   b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10); and,

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

27. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

28. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TODD TUCKER, by and through his attorneys, respectfully prays for judgment as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

4

        d.        Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**TODD TUCKER**

By: _/s/_
Attorney for Plaintiff

Dated: April 30, 2012

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:  dmarco@smithlaw.us